**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**APRIL SESSION, 1999**

**FILED**

April 29, 1999

**Cecil W. Crowson**
Appellate Court Clerk

| | | |
|---|---|---|
| **COREY ADAMS KENNERLY,** | ) | **C.C.A. NO. 01C01-9806-CC-00252** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **FRANKLIN COUNTY** |
| **VS.** | ) | |
| | ) | **HON. J. CURTIS SMITH,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

ON APPEAL FROM THE JUDGMENT OF THE
CIRCUIT COURT OF FRANKLIN COUNTY

FOR THE APPELLANT:

FLOYD DON DAVIS
201 First Avenue, N.W.
Winchester, TN 37398

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

KIM R. HELPER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

J. MICHAEL TAYLOR
District Attorney General

STEVEN M. BLOUNT
Assistant District Attorney General
1002 East Main Street
Decherd, TN 37324

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# **OPINION**

The Defendant, Corey Adams Kennerly, appeals the trial court's denial of his petition for post-conviction relief. On October 28, 1996, Defendant pleaded guilty to first degree felony murder and especially aggravated robbery. Pursuant to the plea agreement, the trial court sentenced Defendant to life imprisonment with the possibility of parole for felony murder and twenty years for especially aggravated robbery, to be served concurrent to his life sentence.

On January 13, 1997, Defendant filed a pro se petition for post-conviction relief, which he later amended.[1] Following a post-conviction evidentiary hearing, the trial court denied relief, and Defendant appealed. In this appeal, Defendant raises three assignments of error for review: (1) the trial court failed to comply with Tennessee Rule of Criminal Procedure 11(d), and as a result, his plea was not entered voluntarily; (2) the trial court erred by overruling his motion to dismiss his attorneys of record; and (3) he suffered the ineffective assistance of counsel because counsel failed to request a change of venue.

I.

In his half-page argument to this Court, Defendant alleges that the trial court "failed to advise him of certain of his constitutional rights and statutory rights," citing to Boykin v. Alabama, 395 U.S. 238 (1969), and State v. Mackey, 553 S.W.2d 337 (Tenn. 1977). A thorough review of the plea hearing transcript reveals that Defendant's hearing could perhaps serve as a model for trial judges

---

[1] Although the court had appointed counsel at that time, Defendant filed this amended petition pro se.

to follow when accepting guilty pleas. The trial judge in this case placed the utmost importance on Defendant's understanding of the proceedings, including the protections afforded by the United States and Tennessee Constitutions.

In his brief, Defendant specifies only one right which he contends was not but should have been given. He states, "The Court failed to advise him that he had a specific right to a change of venue . . . ." Defendant has not cited, nor can this Court locate, any authority tending to show that the trial court has a duty to inform criminal defendants of a right to change venue. Therefore, this issue is both waived and without merit. We conclude that the trial court properly ensured the knowing and voluntary nature of Defendant's plea.

II.

In his second issue, Defendant alleges that the trial court erred by denying his motion to dismiss his attorneys of record. However, as the State points out, Defendant has waived this issue by failing to provide any argument in his brief on appeal to this Court.

III.

Finally, Defendant argues that he suffered the ineffective assistance of counsel prior to his guilty plea. Gleaning his argument from the statement of facts contained in his brief, it appears that this issue has two prongs: (1) his counsel failed to advise him of his constitutional rights, including the right to plead

not guilty and proceed to trial; and (2) his counsel failed to inform him that his case could have been moved to a location other than Franklin or Grundy County.

It is more than apparent from the transcript of the guilty plea that Defendant was aware of his constitutional rights, including the right to plead not guilty and proceed to trial. Therefore, even if his counsel had been deficient in this respect, Defendant could not fulfill his burden to show he was prejudiced by the deficiency. Furthermore, his pretrial counsel testified at the post-conviction hearing that the decision not to request a change of venue was made after the issue was fully discussed with Defendant prior to the plea. Defendant testified at his plea hearing that he had no dissatisfaction with his pretrial counsel.

The trial judge entered a thorough memorandum opinion denying post-conviction relief. The evidence clearly supports the trial judge's findings. Based upon a thorough reading of the record, the briefs of the parties, and the law governing the issues presented for review, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE


_____
JAMES CURWOOD WITT, JR.